**STEVENS LAW OFFICE, PLC**
Ryan J. Stevens (AZ Bar No. 026378)
309 N. Humphreys Street, Ste. 2
Flagstaff, Arizona 86001
Phone: (928) 226-0165
Fax: (928) 752-8111
stevens@flagstaff-lawyer.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PATRICK COLLINS, INC., <br><br> Plaintiff. <br><br> v. <br><br> JOHN DOES 1-54, <br><br> Defendants. | Case No. 11-cv-01602-PHX-GMS <br><br> **PLAINTIFF'S MOTION TO EXTEND TIME PERIOD FOR SERVICE OF SUMMONS AND COMPLAINT ON DOE DEFENDANTS** |

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff, Patrick Collins, Inc., moves for entry of an order extending the time within which Plaintiff has to serve Doe Defendants with a Summons and Complaint, and states:

1. This is a copyright infringement case against Doe Defendants known to Plaintiff only by an IP address.

2. The true identities of the Doe Defendants are known by their respective internet service providers ("ISPs").

1

3. Plaintiff served all of the Doe Defendants' ISPs with a third party subpoena demanding that the ISPs provide identifying information for the Doe Defendants. The due date on the subpoenas was October 21, 2011.

4. While the ISPs have complied with the subpoenas, Plaintiff has not yet received the identifying information for Doe 6, who filed a Motion to Quash [D.E.6]. As no ruling has been made on the Motion to Quash, Plaintiff is unable to obtain the identity of the Doe from its respective ISP.

5. Moreover, Plaintiff intends to file a response to the Declaration of an anonymous doe [D.E. 17] filed in Opposition to Plaintiff's Memorandum regarding piracy [D.E. 12].

6. The deadline to effectuate service on Doe Defendants is currently December 13, 2011.

7. As such, Plaintiff requires an extension of time within which to effectuate service in order to more efficiently prosecute its infringement claims against the Doe Defendants, as is further explained below.

8. Plaintiff would initially emphasize that Copyright Act was specifically amended to deter copyright infringement over peer-to-peer networks by providing remedies to victims of infringement, by raising the amount of statutory damages available to a Plaintiff. See Copyright Act, 17 U.S.C. § 101, et seq.; see also Sony BMG Music Entertainment v. Tanenbaum, 2011 WL 4133920, at *4 (1st Cir., September 16, 2011) (quoting the legislative of the Digital Theft Deterrence and Copyright Damages Improvement Act of 1999).

2

9. At the time of filing this action, Plaintiff believed it would be possible to obtain the identifying information of Doe Defendants and serve them within 120 days. Pursuant to this belief, Plaintiff prepared Rule 26(f) reports to be ready when service was complete.

10. Plaintiff has since learned that it is frequently impossible to obtain such identifying information within 120 days.

11. Further, even when Plaintiff is able to obtain the identities within 120 days, Plaintiff has learned it is not possible to complete its settlement and investigatory discussions the vast majority of Doe Defendants within this 120 day window, the bulk of which is taken up by the process of merely obtaining the identities.

12. Indeed, the parties' settlement discussions have proven to be a time consuming and labor intensive process that, depending on the Doe, take anywhere from one fifteen minute conversation to several months. Through this process, Plaintiff and many of the Doe Defendants amicably resolve their disputes without the need for further litigation. Thus, the pre-service conversations and negotiations save everyone time, energy and money.

13. Ultimately, Plaintiff will deduce the universe of recalcitrant infringers that it wants to proceed against. When that happens, Plaintiff intends to serve the recalcitrant infringers and is ready with offensive discovery, offensive and defensive experts, and many of the other papers that will be necessary to move this case rapidly through the litigation process toward trial.

14. The Court should also know that in some instances where, for example, a particular Doe Defendant's infringement has been particularly egregious or extensive, Plaintiff may choose to sue such Doe Defendant individually for infringing several of Plaintiff's works or in combination with other studios whom undersigned represents as additional Plaintiffs.

15. To explain, many Doe Defendants have infringed not only Plaintiff's copyrights (often many of them) but also other studios' copyrights. IPP, Limited tracks many of these studios' movies. Performing this analysis takes time, and is only done if the Doe Defendant refuses to settle for a reasonable amount early in the process.

16. Any individual suit would remain, however, related to the instant action because of the nature of joint and several liability among the peer-to-peer infringers in this case, and the same series of infringements of the subject Work in this case.

17. Plaintiff has found that the foregoing strategy most efficiently resolves the numerous cases Plaintiff must file to protect its copyrights, protects the interests of the Doe Defendants. Further, it is consistent with national public policy favoring settlements. See Marek v. Chesny, 473 U.S. 1, 11 (1985) (stating that Rule 68's policy of encouraging settlements in federal cases "is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits").

18. Specifically, such strategy affords each Doe Defendant with an opportunity to investigate whether he or she desires to challenge a specific claim, and does so in a way that respects each Doe Defendant's confidentiality during the investigation and settlement process.

19. Plaintiff, therefore, respectfully requests that the time within which it must serve the Doe Defendants be extended an additional thirty (30) days, or until January 12, 2012. This will give Plaintiff and the Defendants an adequate amount of time to go through the process of talking with each other regarding the possibility of settlement, and if no such settlement is possible, to prepare their claims and defenses.

20. In the alternative, Plaintiff would be amenable to dismissing the instant case after discovery of all the Doe Defendants' identifying information is obtained without prejudice and pursuing its alternative plan of filing new cases against the Does with whom it has not settled and against whom it desires to pursue it claims after the above described work has been completed.

WHEREFORE, Plaintiff respectfully requests that the time within which it must serve the Doe Defendants be extended until January 12, 2012.

Dated: December 13, 2011.

Respectfully submitted,

/s/ Ryan J. Stevens
Ryan J. Stevens
AZ Bar No. 026378
STEVENS LAW OFFICE, PLC
309 N. Humphreys Street, Suite 2
Flagstaff, Arizona 86001
Telephone: (928) 226-0165
Facsimile: (928) 752-8111
Email: stevens@flagstaff-lawyer.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2011 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ Ryan J. Stevens